IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYFARH JAMES POUR, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-15-2391 |
| MARY SABOL, ET AL., | : (Judge Conaboy) |
| Respondents | : |

**MEMORANDUM**
**Background**

Jayfarh James Pour filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania. Named as Respondents are various federal officials and Warden Mary Sabol of the York County Prison. Service of the petition was previously ordered.

According to the undisputed record, Petitioner is a native and citizen of Liberia who entered the United States as a refugee in 2000. While in this country he was convicted of theft by unlawful taking and thereafter simple assault and forgery. As a consequence of those convictions, removal proceedings were initiated against Petitioner. He has been held in mandatory detention by ICE since April 27, 2015. Petitioner's pending § 2241 petition challenges his mandatory

1

detention pending removal under the standards.

## Discussion

On June 15, 2016, Respondent filed a "Suggestion of Mootness." Doc. 14, p. 1. The notice states that Petitioner was released from ICE detention on or about June 9, 2016 pursuant to an order of an Immigration Judge. Accordingly, Respondent contends that since Petitioner has been afforded the sole relief sought by his pending action, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the

complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Pour sought his immediate release from ICE detention. A submitted copy of a June 9, 2016 Order issued by an Immigration Judge in Petitioner's case granted his application for adjustment of status and ordered his release from detention. See Doc. 14-1. Since Petitioner has been afforded the relief sought by his pending action, under the principles set forth in Steffel, Pour's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JUNE 17, 2016

FILED
SCRANTON
JUN 17 2016
PER ____
DEPUTY CLERK

3